FILED

2005 Nov-30  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEE MCGHEE,                        }
                                   }
    Plaintiff,               }
                                   }       CIVIL ACTION NO.
v.                                 }       04-AR-2349-S
                                   }
STEWARD MACHINE COMPANY,           }
                                   }
    Defendant.               }

## MEMORANDUM OPINION

The court has before it the motion for summary judgment filed by defendant, Steward Machine Company ("Steward") on September 26, 2005. The third amended complaint of plaintiff, Lee McGhee ("McGhee"), contains what plaintiff styles as three counts. Count One claims age discrimination in Steward's decision to terminate McGhee. In Count Two, McGhee asserts three independent alleged violations of 42 U.S.C. § 1981: wage discrimination based on race, wrongful termination based on race, and failure to rehire based on race. In Count Three, McGhee invokes Section 501 of ERISA, 29 U.S.C. § 1140, claiming discrimination in the form of McGhee's termination in retaliation for his use of Steward's health plan and/or interference with his right to obtain benefits under that plan. For the reasons hereinafter discussed, Steward's motion for summary judgment is due to be granted as to every claim but the failure to rehire component of Count Two.

### *Facts*[1]

McGhee, a black male, began working with Steward in 1967. He worked in the yard from 1967 to 2004, with the brief exception of a temporary lay-off in 1994 and 1995, holding various positions and undertaking various duties including painting and sandblasting. Soon after his return in 1995, McGhee was promoted to Yard Foreman, a position in which he supervised as many as ten fellow employees. He was 53-years old at that time. David Worsham, a white male, was Steward's assembly/shop supervisor, and had been for six years prior to McGhee's promotion to Yard Foreman. Although Worsham was paid more than McGhee, he supervised as many as 80 employees.

Steward began to experience a downturn in business as early as the Winter of 2002, culminating in the decision to undertake a reduction in force ("RIF") in February 2004. Because of the reduced workload, Whitney Debardeleben, President and CEO of Steward, decided to eliminate the position of Yard Foreman, along with a number of other positions. Although Steward was converting to self-insurance at the time Debardeleben made the decision to

---

[1] Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In assessing whether the movant has met its burden, the court must view the evidence, and all inferences drawn therefrom, in the light most favorable to the nonmovant. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). In accordance with this standard, this statement of facts includes both undisputed facts and, where there is a dispute, the facts according to the nonmovant's evidence, and the legitimate inferences therefrom.

eliminate McGhee's position, he had no knowledge of how the employees used Steward's health plan. In February 2004, McGhee was being treated for hypertension and asthma. His wife had received benefits from Steward for back surgery in roughly 1994.

After being notified of his termination, McGhee had a conversation with Charles Debardeleben, Steward's Vice President and General Counsel. In that conversation McGhee said that he would like to return to work at Steward in the future. McGhee did not, however, apply for the position of painter/sandblaster when that position opened in April 2005. Steward hired Brandon Ellington, a 20-year old white male, to fill that position.

### *Analysis*

### I.   Age Discrimination

The prima facie burden for wrongful termination under the ADEA in a RIF case requires proof: (1) that the plaintiff is a member of the protected age group; (2) that he was qualified to assume another position at the time of the RIF; and (3) that the employer intended to discriminate in its decision to terminate the plaintiff. *Williams v. General Motors Corp.*, 656 F.2d 120, 129 (11th Cir. 1981). McGhee's claim of age discrimination fails at the summary judgment stage, because he has failed to provide evidence supporting one of the essential elements of his prima

facie case.[2]

The second component is the operative one for this analysis. McGhee urges the court to read the second element literally, but the better interpretation--both logically and in its consistency with Eleventh Circuit precedent--reads a requirement of *availability* into the second prong. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082-83 (11th Cir. 1990). Therefore, where a "particular job position is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail against his employer he must show that he was qualified for another available job with that employer." *Id.* at 1082-83. McGhee has introduced no admissible evidence to suggest that his position was not entirely eliminated,[3] and Steward has introduced undisputed evidence that its business experienced a downturn prior to the RIF. It is not the court's role to second guess Steward's response to negative economic forces. *Beaver v. Rayonier, Inc.*, 200 F.3d 723, 728 (11th Cir. 1999). Because McGhee has presented no evidence that there was any other *available* position at the time of the RIF, his prima facie age discrimination case is deficient. For that

---

[2] McGhee admits in his reply brief that he has failed to produce any direct evidence of age discrimination. The court agrees that the statements presented do not amount to direct evidence, and thus this discussion focuses solely on circumstantial evidence of discrimination.

[3] McGhee does state in his deposition that he heard from "someone" that Haskell Phillips replaced him as Yard Foreman. As this inadmissible hearsay is the only evidence in the record that does not point toward the elimination of McGhee's position upon his termination, and the record does contain admissible evidence to the contrary, there is no genuine issue as to whether the position was actually eliminated in the RIF.

reason, the court does not reach the issue of whether McGhee has

proferred sufficient evidence of Steward's intent to

discriminate.[4]

## II. Race Discrimination

### A. Wage Discrimination

To prove his claim for wage discrimination under § 1981,

McGhee "must establish that (1) []he belongs to a racial

minority; (2) []he received low wages; (3) similarly situated

comparators outside the protected class received higher

compensation; and (4) []he was qualified to receive the higher

wage." *Cooper v. Southern Co.*, 390 F.3d 695, 735 (11th Cir.

2004). McGhee's wage discrimination claim fails because he has

not proferred evidence of a proper comparator. The only

comparator offered is David Worsham, the assembly/shop

supervisor. Although Worsham was paid more and is white, he is

not sufficiently similarly situated in that he (1) has supervised

as many as 80 employees compared to McGhee's ten, (2) has been

employed by Steward in his supervisory position for 15 years

compared to McGhee's nine, and (3) supervises different employees

---

[4] McGhee's failure to establish his prima facie case for wrongful termination renders meaningless any discussion of liquidated damages within the definition of the ADEA. The Eleventh Circuit interprets the statute to allow for liquidated damages only when the employer acts with knowledge that it is violating the ADEA or with "reckless disregard" for whether its actions are a violation. *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1561 (11th Cir. 1988); *accord Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126, 105 S. Ct. 613, 624 (1985). Without a prima facie case for ADEA discrimination, there can clearly be no willful or reckless violation of the ADEA.

and duties. Without a proper comparator, McGhee's wage
discrimination claim fails as a matter of law.

### B. Wrongful Termination

McGhee's claim of race discrimination in Steward's decision
to terminate him requires proving the same prima facie elements
as his age discrimination claim (although, obviously, he  must
now prove that the protected characteristic is his race rather
than his age). It follows logically that McGhee's claim for
wrongful termination is due to fail for the same reason that his
age discrimination claim fails: he has introduced no evidence
that there were any available positions which he was qualified to
assume upon the termination of his employment.

### C. Failure to Rehire

To carry the prima facie burden for a failure to rehire
claim, a plaintiff must ordinarily introduce evidence showing
that (1) he applied, (2) for an available position, (3) for which
he was qualified, and (4) the employer hired an individual
outside of his protected group. *Jameson v. Arrow Co.*, 75 F.3d
1528, 1532 (11th Cir. 1996). The hiring of Brandon Ellington, a
white male, to fill an open painter/sandblaster position in April
2005 satisfies both the second and fourth elements. McGhee's
experience performing painting and sandblasting duties
establishes his qualification for that position. Furthermore, due
to a genuine issue of material fact as to the first element, the

court must conclude that McGhee has satisfied his prima facie

obligation for summary judgment purposes.

McGhee admits that he has not actually applied for any open

position since his termination, relying instead on the

conversation with Charles DeBardeleben, in which McGhee expressed

a general interest in returning to work for Steward in the

future. While on its face the *Jameson* test requires a plaintiff

to submit an application for any open position, the Eleventh

Circuit has had more than one occasion to revisit this issue. *See*

*Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1345 (11th Cir.

2003); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133-34

(11th Cir. 1984). These cases stand for the proposition that an

application for an open position is an element of the plaintiff's

prima facie burden only if the employer provided formal notice of

the job opening. *See Smith*, 352 F.3d at 1345-46. Therefore, if

Steward's hiring process "relied on word of mouth and informal

review procedures," *id.* at 1346, McGhee's generalized statement

of interest would be sufficient to meet his prima facie burden,

because the employee must only provide such notice to the

employer as to create "some reason or duty to consider him for

the post." *Carmichael*, 738 F.2d at 1133. However, if the record

reflects that Steward had formal hiring procedures in place and

used them, McGhee cannot make out his prima facie case because he

did not apply for the position. The parties' briefs have not

directed the court to any admissible information in the record,

nor can the court find any such information, which resolves the

question of what process Steward followed in filling the open

painter/sandblaster position in April 2005.[5] This constitutes a

genuine issue of material fact, then, that prevents the court

from granting summary judgment to Steward on this claim.

Under the *McDonnell Douglas* framework, once McGhee has

produced evidence sufficient to establish his prima facie case,

the burden shifts to Steward to articulate legitimate,

nondiscriminatoy reasons for its failure to rehire McGhee.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct.

1817, 1824 (1973). While Steward's motion for summary judgment

did not attempt to articulate any such reason, Steward's reply to

McGhee's opposition to its motion does contain one purportedly

legitimate reason for the failure to rehire McGhee: that the open

position was not Yard Foreman, McGhee's prior position, but the

painter/sandblaster position. The court is left to conjecture as

---

[5] This is not to say that the record is completely devoid of information
related to Steward's hiring practices. The record is replete with such
information, but the issue is nevertheless unresolved. Whitney Debardeleben,
for example, states that Steward does not have a general policy, but that he
"believes" that employees involved in a RIF knew that the company would
contact them when positions became open. This statement would certainly
indicate that Steward followed informal hiring practices. On the other hand,
Whitney Debardeleben also describes a process whereby certain positions are
posted in the shop, and then advertised in the newspaper if not filled
internally. Nevertheless, there is a genuine issue as to the type of hiring
process used to fill the *actual position* for which McGhee claims he was
qualified. The court must therefore draw all reasonable inferences in the
favor of the nonmovant, McGhee.

to how the discrepancy in job descriptions proves that the failure to rehire McGhee is not discriminatory, and whether McGhee--if given the opportunity--can show that such an explanation is pretextual. This the court will not do. Summary judgment is inappropriate on this claim.

## III. ERISA Discrimination

Section 501 of ERISA prevents conduct "designed either to retaliate for the exercise of a right or to interfere with the attainment of an entitled right." *Owens v. Storehouse, Inc.*, 984 F.2d 394, 398 (11th Cir. 1993). Therefore, to survive a summary judgment motion, "a plaintiff must present evidence of the employer's specific intent to violate ERISA." *Id.* at 399 (citing *Gavalik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir. 1987), *cert. denied*, 484 U.S. 979, 108 S. Ct. 495 (1987)). McGhee can establish a prima facie case for ERISA retaliation "by showing (1) that he is entitled to ERISA's protection, (2) was qualified for the position, and (3) was discharged under circumstances that give rise to an inference of discrimination." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1223 (11th Cir. 1993) (citing *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 347 (3d Cir. 1990); *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114-15 (2d Cir. 1988)). Neither of the first two elements is in dispute.

McGhee can prove the third element of his prima facie case by introducing evidence either (1) of Steward's intent to

retaliate against him for using the health plan, or (2) of

Steward's intent to interfere with his receipt of health benefits

in the future.[6] McGhee seeks to prove this element of his prima

facie case by showing that he was being treated for hypertension

and asthma at the time of his termination, his wife had undergone

back surgery in the early 1990s, and Steward converted to self-

insurance around the time of his termination. McGhee's proferred

evidence is insufficient to carry his prima facie burden.

First, McGhee's evidence does not tend to prove a

retaliatory intent. Logically, any claim of retaliation cannot

survive summary judgment unless the employee can introduce

evidence that the decisionmaker knew about the conduct against

which he is alleged to have retaliated. *Goldsmith v. City of*

*Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993). That is, McGhee

must show that Whitney Debardeleben had knowledge of McGhee's use

of the health plan prior to the termination. The only evidence in

the summary judgment record bearing on this issue, Whitney

Debardeleben's denial that he had seen any information indicating

which employees had used or could use Steward's health plan, is

---

[6] Although the argument could be made that Section 501 creates two
distinct causes of action--retaliation and interference--neither Eleventh
Circuit  precedent nor the parties to this litigation have distinguished
between the two claims. *See, e.g.*, *Owens*, 984 F.2d at 399. Therefore, this
court treats the ERISA discrimination claim as a single cause of action which
provides a remedy for either of two violations: intentional retaliation for
exercise of ERISA-protected benefits or intentional interference with future
ERISA-protected benefits. The generalized prima facie case, as articulated in
*Clark*, can accommodate either formulation.

uncontroverted. Without proving a causal link between his use of the health plan and his termination, McGhee has not met his prima facie burden as to retaliatory intent.

Second, the record does not reflect an intent to interfere with McGhee's future health benefits. In this context, McGhee must show that "his termination was motivated by a desire to interfere with his ERISA rights rather than an attempt to cut costs in general." *Clark*, 990 F.2d at 1225. While, under some circumstances, a "substantial savings in benefit expenses," *id*. at 1224, can be sufficient to prove an intent to discriminate, McGhee simply has not met this burden. Evidence proving the magnitude of the savings to Steward by eliminating McGhee's health benefits is conspicuously absent from the record. Without such evidence, and without any other information from which the court can reasonably infer that the termination of McGhee resulted in such substantial savings that an inference of ERISA discrimination is warranted, McGhee has failed to carry his prima facie burden. *Compare Turner*, 901 F.2d at 348 (holding that the failure of an employee to present any evidence of the magnitude of the employer's savings due to the employee's termination was insufficient to support an inference of discrimination), *with Dister*, 859 F.2d at 15 (holding that evidence indicating that an employee was fired four months before his pension plan vested, resulting in $550,000 of savings to the employer, was sufficient

to support an inference of discrimination). Summary judgment is due to be granted on McGhee's ERISA discrimination claim.

### *Conclusion*

In accordance with the foregoing, Steward's motion for summary judgment will be granted in part and denied in part by separate order. Because the court has not relied upon anything which Steward's motion to strike McGhee's affidavit complains about, that motion is moot.

DONE this 30th day of November, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE