FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE MCGHEE, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 04-AR-2349-S |
| } | |
| STEWARD MACHINE COMPANY, } | |
| } | |
| Defendant. } | |

## **MEMORANDUM OPINION**

The court has before it the motions to reconsider summary judgment filed by plaintiff, Lee McGhee ("McGhee") and defendant, Steward Machine Co. ("Steward") on December 14, 2005. The court granted partial summary judgment to Steward with its memorandum opinion of November 30, 2005. McGhee asks the court to reconsider its granting of summary judgment to Steward on his claims for wrongful termination in violation of Title VII and the ADEA. Steward asks the court to reconsider its denial of summary judgment on McGhee's claim for failure to rehire in violation of Title VII. For the reasons hereinafter stated, both motions will be DENIED.

**I. Defendant's Motion to Reconsider the Failure to Rehire Claim**

The court held in its memorandum opinion of November 30, 2005, that genuine issues of material fact--whether Steward "had formal hiring procedures in place and used them"--prevented summary judgment. Although Steward has submitted additional evidence responsive to this holding, it nevertheless has not

resolved the genuine issue of material fact which prevented summary judgment.

*Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1345-46 (11th Cir. 2003), stands for the proposition that McGhee's *prima facie* case is deficient if he did not submit an application for a position that was formally noticed. Steward claims that the new evidence it introduces into the record proves that it publicized the open position, and thus that McGhee's *prima facie* case is incomplete. The newly provided evidence does show that Steward posted the open position with a number of external agencies. *Smith*'s language would appear to indicate that this evidence is sufficient to bring the instant case within its purview, making McGhee's *prima facie* case incomplete. *See Smith*, 352 F.3d at 1345 ("A general interest in being rehired without submitting an application is not enough to establish a *prima facie* case of age discrimination when the defendant-employer has publicized an open position.").

However, there are two layers to the *Smith* holding if *Smith* is to be reconciled with *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 (11th Cir. 1984). That is, not only must an employer publicize an open position, but it must also *generally* follow formal hiring procedures. *See Smith*, 352 F.3d at 1346 (distinguishing *Carmichael* because its employer had in place "a system where there was no formal notice of jobs, and the company

2

relied on word of mouth and informal review procedures"). If an employer has not consistently employed formal hiring procedures, it cannot assure that prospective employees have "notice of or opportunity to apply for" open positions. *Carmichael*, 738 F.2d at 1134. Steward has introduced no evidence bearing on a regular procedure for hiring yard positions that McGhee would have been familiar with. It could be--as McGhee's affidavit suggests--that the posting of the painter/sandblaster position with external agencies was a departure from Steward's standard procedures. The holding in *Smith* is further compromised by McGhee's testimony that he was promised the next opening. If this is true, it arguably exempts him from any requirement that he formally apply. Steward has not resolved the genuine issues of material fact which prevented summary judgment.

**II. Plaintiff's Motion to Reconsider the Wrongful Termination Claims**

McGhee urges the court to reconsider granting summary judgment to Steward on his wrongful termination claims, citing what he characterizes as an unequivocal pronouncement by the Eleventh Circuit that his *prima facie* burden can be satisfied by proving either that he was qualified for his current position or for another available position. *See Williams v. Vitro Servs. Corp.*, 144 F.3d 1438, 1442 (11th Cir. 1998). *Williams* is not exactly unequivocal. Upon further consideration of this issue--

3

one which was presented to the court prior to issuing its memorandum opinion--the court reiterates its conclusion that as a matter of law McGhee's position was "entirely eliminated" as that term is interpreted by the Eleventh Circuit, and therefore that his *prima facie* case is incomplete without proof of his qualification for another position which was available at the time of the discharge.

*Williams* must be reconciled with *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990), and its progeny. *Williams* and *Earley* govern distinct scenarios. *Williams* applies only where "a plaintiff contends that his position has been consolidated or reassigned to other employees." *Williams*, 144 F.3d at 1442. The court in *Williams* correctly states the second element of a plaintiff's *prima facie* burden under this scenario: "that he was qualified for his current position or to assume another position at the time of discharge." *Id.* at 1441. However, there is another subset of RIF cases wherein the plaintiff's "job position is entirely eliminated for nondiscriminatory reasons." *Earley*, 907 F.2d at 1083. In that specific instance, "for plaintiff to prevail against his employer he must show that he was qualified for another available job with that employer; qualification for his current position is not enough." *Id.* Thus, precedent dictates that a plaintiff whose position was entirely eliminated must prove his qualification for another open position at the time of

4

his discharge. Logic supports this interpretation, because an employee's qualification for his former position is immaterial to a discrimination claim if his position has been eliminated for legitimate business reasons. That is, where business factors cause a position to be eliminated, no level of qualification proves that the plaintiff should not have been fired. The plaintiff's firing is the unfortunate byproduct of the elimination of his position, which is itself the result of flagging business. Under these circumstances, a plaintiff's qualification for his former position is simply inapposite.

Whether McGhee must prove his qualification for another available position or solely for his former position is determined by whether that position was entirely eliminated for a nondiscriminatory purpose. By the plain meaning of the words, the position of Yard Foreman was "entirely eliminated" by Steward, because Steward employed a Yard Foreman prior to the RIF, but not afterwards. The mere fact that some of the duties that had been performed by McGhee continued to be performed by others does not detract from the dispositive fact that there was no longer anyone in the *supervisory* position of Yard Foreman. This conclusion is supported by the Eleventh Circuit cases specifically finding that particular positions had been entirely eliminated. *See Causey v. Steward Machine Co.*, 2005-CV-333 (N.D. Ala. Dec. 22, 2005) (Proctor, J.); *Minton v. American Bankers Ins. Group, Inc.*, 2003

WL 21303330, at *1 (11th Cir. 2003) (not reported in F.3d); *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 566 (11th Cir. 1992); *Earley*, 907 F.2d at 1083; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). It was on this basis that the court awarded summary judgment to Steward on McGhee's claims for age and race discrimination in the decision to terminate him. The court reaffirms that holding now. McGhee's motion to reconsider is due to be DENIED.

### *Conclusion*

In accordance with the foregoing, the motions to reconsider summary judgment will be DENIED by separate order.

DONE this 18th day of January, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE